CENTRAL TRUST CO. OF NEW YORK v. MOBILE, J. & K. C. R. CO. et al.

(Circuit Court, S. D. Alabama. August 9, 1909.)

No. 271.

RAILROADS (§ 169*)—MORTGAGES—RIGHT OF MORTGAGEE TO INCOME.

    A mortgagee of the property of a railroad company, to which its income is also pledged by the mortgage, is not entitled to such income until it takes or demands possession of the property or secures the appointment of a receiver.

    [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 536–548; Dec. Dig. § 169.*]

In Equity. Suit by the Central Trust Company of New York against the Mobile, Jackson & Kansas City Railroad Company and others. On motion for injunction. Motion denied.

Mayes & Longstreet, for complainants.
McIntosh & Rich, for defendant railroad company
Webb & McAlpine, for defendant Smith.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

TOULMIN, District Judge. "A mortgagee out of possession has no lien upon rents. Until he elects to take possession or moves for a receiver, the rents belong to the lessor." In re Banner (D. C.) 149 Fed. 936.

"Where the income is expressly pledged as security for the mortgage debt, with the right in the mortgagee to take possession upon the failure of the mortgagor to perform the conditions of the mortgage, the general rule is the mortgagee is not entitled to the rents and profits of the mortgaged premises until he takes actual possession, or until possession is taken in his behalf by a receiver, or until in proper form he demands and is refused possession." Freedman's Savings Co. v. Shepherd, 127 U. S. 502, 8 Sup. Ct. 1250, 32 L. Ed. 163; In re Banner, supra.

"A pledge of income does not become effective so long as the mortgagor is permitted to remain in possession of the property and to receive and disburse the earnings." Galveston R. R. v. Cowdrey, 11 Wall. 459, 20 L. Ed. 199; Atlantic Trust Co. v. Dana, 128 Fed. 219, 62 C. C. A. 657.

"A mortgagor, so long as he remains in possession, may take the rents and profits of the land to his own use, and is not required to account to the mortgagee for them." Gilman v. Illinois & Miss. Co. et al., 91 U. S. 603, 23 L. Ed. 405.

"A mortgage by a railroad company of its road and income does not transfer the income to the mortgagee until he takes possession, where it is clearly implied in the mortgage that the railroad company should hold possession and receive the income until the mortgagee should take possession, or the proper judicial authority should interpose." Gilman v. Illinois & Miss. Co. et al., supra.

It does not appear in the case at bar that the mortgagees or trustees ever took possession of the property covered by the mortgage, or ever demanded possession of the same, or ever invoked the proper judicial authority to interpose and take possession by a receiver.

"Until then. the whole income belonged to the company and was subject to its control, and it was liable to the creditors of the company, as if the mortgage did not exist." Gilman v. Illinois & Miss. Co. et al., supra.

The injunction or restraining order is denied.